SUMMONS ISSUED

CV 12 2755

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CARY WEI,

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ JUN 01 2012 ★

LONG ISLAND OFFICE

                      Plaintiff,

- against -

MICROSOFT CORPORATION

                      Defendant.
-------------------------------------------------------------X

COMPLAINT

Civil Case No.:

Jury Trial Demanded

SEYBERT, J
BOYLE, M

PLAINTIFF, CARY WEI ("Plaintiff"), by and through his attorneys, FRANK & ASSOCIATES, P.C., complains and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this civil action seeking declaratory relief, monetary damages and affirmative relief based upon Defendant MICROSOFT CORPORATION's ("MICROSOFT" or "Defendant"),violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York State Human Rights Law ("NYHRL"), N.Y. Executive Law § 296 *et seq.*, and other appropriate rules, regulations, statutes and ordinances.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this action and jurisdiction over Defendant pursuant to 42 U.S.C. § 12101 *et seq.*, 29 U.S.C. §§ 1331 and 1337 and 29 U.S.C § 1367.

3. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the unlawful employment practices occurred in Suffolk County, New York.

4. This court has the power to issue declaratory relief and further necessary or proper

1

relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This Court has supplemental jurisdiction over the NYHRL claim for unlawful discrimination pursuant to 28 U.S.C. § 1367.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the EEOC on March 5, 2012, a true and accurate copy of which is attached hereto as Exhibit "A."

## THE PARTIES

8. Plaintiff is and was at all times relevant herein a domiciliary of the State of New York residing in the County of Suffolk.

9. Plaintiff was at all times relevant herein, an "employee" within the meaning of 42 U.S.C. § 12111(4), 28 U.S.C. § 2611(2)(A) and a "person" within the meaning of Section 292(1) of the NYHRL.

10. At all times relevant to the Complaint, Plaintiff was a "qualified individual with a disability" within the meaning of 42 U.S.C § 12111(8) and has suffered from a "disability" within the meaning of Section 292(21) of NYHRL.

11. Upon information and belief, MICROSOFT is a foreign corporation authorized to do business in New York, with its principal place of business at 2929 Expressway Drive North, 3rd Floor, Hauppauge, NY 11749.

12. Upon information and belief, at all times relevant to the Complaint, MICROSOFT has been an "employer" within the meaning of 42 U.S.C. § 12111(5) and Section 292(5) of the NYHRL.

2

13. Upon information and belief, at all times relevant herein, MICROSOFT employed more than fifteen (15) employees during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

## STATEMENT OF FACTS

14. Plaintiff has extensive experience in the field of computer software testing.

15. Plaintiff began his career as a tester at Computer Associates, Inc. ("CAI"), a leading software development company.

16. During his tenure at CAI, Plaintiff was promoted from tester to supervisor; from supervisor to manager; from manager to senior manager; and from senior manager to director of software testing.

17. Plaintiff consistently received good performance evaluations throughout his employment at CAI.

18. In or about September 2008, Plaintiff was hired by Defendant MICROSOFT to work as a Quality Assurance Test Lead ("QATL"). In this position, Plaintiff was responsible for executing software automation to verify the integrity of various applications while managing a team of six individuals ("QATL Team").

19. In or about July 2009, Plaintiff's psychiatrist, Juliana Kanji, M.D., diagnosed Plaintiff with Attention Deficit Hyperactivity Disorder ("ADHD") and Anxiety Disorder.

20. Plaintiff began a course of treatment that included antidepressants and ADHD medication.

21. In or about September 2009, Plaintiff began an approved leave of absence under the Family Medical Leave Act ("FMLA") to care for his father, who suffered from a serious health condition within the meaning of the Act.

22. On or about December 7, 2009, shortly before he returned to work from his FMLA leave, Plaintiff informed his direct supervisor, Jay Mueller ("Mueller") that he suffered from anxiety disorder and ADHD.

23. Plaintiff returned to work on or about December 8, 2009.

24. Upon Plaintiff's return to work, Mueller stripped Plaintiff of his managerial duties, and reassigned Plaintiff to a non-managerial maintenance position in the Server and Tools Department maintaining servers, providing technical support, and setting up computers ("SATD Position").

25. That same day, human resources provided Plaintiff with a Request for Accommodation Form to be completed by his psychiatrist.

26. The reassignment to the SATD Position was a significant downward shift in both tasks and responsibilities for Plaintiff.

27. As a result of Plaintiff's reassignment, Greg Dinnin became Plaintiff's direct supervisor.

28. Plaintiff informed Dinnin that he suffered from anxiety disorder and ADHD.

29. Thereafter, Plaintiff's managers engaged in a concerted effort to bring about Plaintiff's termination.

30. As part of that effort, Plaintiff's managers assigned Plaintiff more difficult work assignments than similarly-situated, non-disabled employees.

31. After Plaintiff disclosed to his managers that he suffered from ADHD and Anxiety Disorder, Plaintiff's managers subjected Plaintiff to unwarranted criticism.

32. On January 27, 2011, Plaintiff's psychiatrist completed the Request for Accommodation form.

4

33. The form completed by Plaintiff's psychiatrist indicated that Plaintiff suffered from ADHD and Anxiety Disorder and that these conditions significantly impaired Plaintiff's ability to focus and concentrate.

34. The form also indicated that Plaintiff required reasonable accommodation for his disabilities in the form of extra time to complete projects and tests.

35. Plaintiff submitted his request for reasonable accommodation to Defendant on January 28, 2011.

36. In or about February 2010, Defendant denied Plaintiff's request for reasonable accommodation of his disabilities.

37. Defendant discriminated against Plaintiff because of his ADHD and Anxiety Disorder.

38. On or about October 26, 2010, Defendant terminated Plaintiff's employment because of his disabilities.

39. Defendant discriminated against Plaintiff in the terms and conditions of his employment based on his disabilities and/or perceived disabilities in violation of the ADA and NYHRL.

40. Defendant's discriminatory conduct caused Plaintiff to suffer loss of income, mental anguish, emotional distress, humiliation and embarrassment.

## FIRST CLAIM FOR RELIEF

*(Violation of ADA – Failure to Accommodate)*

41. Plaintiff repeats and realleges each and every allegation contained herein.

42. Defendant was aware of Plaintiff's disabilities and need for reasonable accommodation.

43. Defendant unlawfully discriminated against Plaintiff on the basis of his disability in violation of the ADA.

44. Defendant failed to make reasonable accommodations for Plaintiff's disability.

45. As a proximate result of Defendant's conduct, Plaintiff has suffered and will suffer substantial loss of past and future earnings and other employment benefits.

46. Defendant's conduct was committed in clear disregard of Plaintiff's rights.

47. Plaintiff is entitled to equitable injunctive relief requiring reinstatement to his job, as if he had not been unlawfully terminated.

48. Due to the severity of Defendant's conduct, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

49. As a further and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

## SECOND CLAIM FOR RELIEF

*(Violation of ADA – Disparate Treatment and Discriminatory Discharge)*

50. Plaintiff repeats and realleges each and every allegation contained herein.

51. Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADA, by engaging in a course of conduct which includes wrongful termination of Plaintiff's employment because of his disability or perceived disability.

52. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

53. As a further and proximate result of Defendants' actions, Plaintiff suffered and

6

continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

54. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of actual and compensatory damages in amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

*(Violation of NYHRL – Failure to Accommodate)*

55. Plaintiff repeats and realleges each and every allegation contained herein.

56. Defendant was aware of Plaintiff's disabilities and need for reasonable accommodation.

57. Defendant unlawfully discriminated against Plaintiff on the basis of his disability in violation of the NYHRL.

58. Defendant failed to make reasonable accommodations for Plaintiff's disability.

59. As a proximate result of Defendant's conduct, Plaintiff has suffered and will suffer substantial loss of past and future earnings and other employment benefits.

60. Defendant's conduct was committed in clear disregard of Plaintiff's rights.

61. Plaintiff is entitled to equitable injunctive relief requiring reinstatement to his job, as if he had not been unlawfully terminated.

62. As a further and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

### FOURTH CLAIM FOR RELIEF

*(Violation of NYHRL – Disparate Treatment and Discriminatory Discharge)*

63. Plaintiff repeats and realleges each and every allegation contained herein.

64. Defendant discriminated against Plaintiff on the basis of his disability in violation of the NYHRL, by engaging in a course of conduct which includes wrongful termination of Plaintiff's employment because of his disability or perceived disability.

65. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

66. As a further and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

67. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of actual and compensatory damages in amount to be determined at trial.

## DEMAND FOR JURY TRIAL

68. Plaintiff repeats and realleges each and every allegation contained herein.

69. Plaintiff demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff demands judgment as follows:

 a. Declaring Defendants violated the aforementioned statutes;

 b. compensatory and punitive damages, where applicable, in an amount to be determined at trial;

 c. back pay and front pay, and afforded all benefits that would have been afforded Plaintiff but for Defendant's unlawful acts;

  d. equitable relief, including reinstatement;

  e. an award of Plaintiff's cost of this suit, including reasonable attorney's fees;

  f. pre- and post-judgment interest; and

  g. Such other and further relief as the court deems just and proper.

Dated: Farmingdale, New York
   May 31, 2012

            FRANK & ASSOCIATES, P.C.
            *Attorneys for Plaintiff*

      By: _[signature]_
         Scott J. Laird, Esq. (SL 6286)
         500 Bi-County Blvd., Suite 112N
         Farmingdale, New York 11735
         (631) 756-0400
         slaird@laborlaws.com

9

Ex A

Case 2:12-cv-02755-JS-ARL Document 1 Filed 06/01/12 Page 10 of 11 PageID #: 10

EEOC Form 161-B (11/09)         **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Cary Wei<br>5 Wheatfield Lane<br>Commack, NY 11725 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2011-03261 | Katherine Greenfield,<br>Investigator | (212) 336-3762 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____     3/5/12
Kevin J. Berry,                       _____
District Director                     (Date Mailed)

Enclosures(s)

cc: **MICROSOFT CORPORATION**          Jose G. Santiago, Esq.
    c/o Amy H. Pannoni                 FRANK & ASSOCIATES PC
    DAVIS WRIGHT TREMAINE LLP          500 Bi-County Boulevard
    1201 Third Ave                     Suite 112N
    Suite 2200                         Farmingdale, NY 11735
    Seattle, WA 98101